**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **BENJAMIN MARAAN, Individually and on behalf of all others similarly situated,** | **CASE NO. 1:13-cv-436** |
| **Plaintiff,** | |
| **vs.** | **COMPLAINT FOR CLASS ACTION WITH JURY DEMAND** |
| **DISH NETWORK, L.L.C.,** | |
| **Defendant** | |

**CLASS ACTION COMPLAINT**

COMES NOW, Benjamin Maraan, individually and as representative of all others similarly situated, and for his Class Action Complaint states:

**INTRODUCTION**

This is a class action brought by Benjamin Maraan, individually and as a putative representative, against Dish Network, LLC ("Defendant") for violations of the Telephone Consumer Protection Act (TCPA). The TCPA prohibits the making of a phone call to a cellular telephone using an automatic telephone dialing system without the express prior consent of the called party. A text message is a call under the TCPA. Plaintiff has never given express consent to receive a phone call or text message from Defendant. At multiple times during 2011, 2012 and 2013 Defendant has been making phone calls to one of Plaintiff's cellular phones by use of an automatic telephone dialing system. Plaintiff seeks to stop Defendant from making automated calls and recover between $500.00-$1,500.00 for each receipt of an automatic call and/or text message from Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227, which makes these activities illegal.

1

## PARTIES

1.  Plaintiff Benjamin Maraan (hereinafter, "Plaintiff") is an individual and resident of the State of Ohio, County of Hamilton.

2.  Defendant Dish Network, LLC (hereinafter "Defendant") is a Colorado limited liability corporation headquartered in Englewood, Colorado authorized to do business in the State of Ohio.

## JURISDICTION AND VENUE

3.  The Court has original jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. §227.

4.  Venue is proper in this district pursuant to because Defendant transacts business in this District and the violations occurred and are occurring in this District.

5.  Venue is also proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events at issue occurred in this district and Defendant is registered to do business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

6.  The Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA") regulates the types of calls that can be made to telephone subscribers.

7.  The TCPA states, in relevant part:

    (b) Restrictions on use of automated telephone equipment.

    (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-- (A) to make any call (other than a call made…with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

…(iii) to any telephone number assigned to a…cellular telephone service…or any service for which the called party is charged for the call.

8.  A text message is a data call which is sent to a cell phone. When a text message is sent to a recipient's phone, the phone rings to alert the recipient that they received a message.

9.  Text message calls can cost the recipients money, as cell phone providers often charge customers in order to receive text messages.

10. The Federal Communications Commission has interpreted "phone call" to include text messages.[1]

11. Courts have followed the FCC's interpretation that text messages are phone calls for the purposes of the TCPA.[2]

## FACTS

12. Plaintiff has several cell phones and pays for his cellular telephone service.

13. Plaintiff has never given express consent to receive a phone call or text message from Defendant.

14. Despite this, on numerous occasions in 2011, 2012 and 2013, one of Plaintiff's cell phones rang and there was an automated voice requesting a return call to Defendant.

15.  The phone number from the automatic call system is one of Defendant's phone numbers.

---

[1]  "We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, 'to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged.' This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service." 18 FCC Rcd 14014, 14115 (FCC 2003). See also *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 F.C.C.R. 14014, 14115 (July 3, 2003) and *In the matter of Rules and Regulations Implementing the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003*, 19 F.C.C.R. 15927, 15931, 15933, 15934 (Aug. 4, 2004).

[2]  See: *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. Cal. 2009); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999 (N.D. Ill. 2010); *Pollock v. Island Arbitration & Mediation Inc.*, 2008 NY Slip Op 28452 (N.Y. City Ct. 2008); *Abbas v. Selling Source, LLC*, 2009 U.S. Dist. LEXIS 116697 (N.D. Ill. Dec. 14, 2009); *Kazemi v. Payless Shoesource, Inc.*, 2010 U.S. Dist. LEXIS 27666 (N.D. Cal. Mar. 12, 2010); *Kramer v. Autobytel*, Inc., 2010 U.S. Dist. LEXIS 137257 (N.D. Cal. Dec. 29, 2010).

16. Defendant made these calls to Plaintiff using an automatic telephone dialing system which called one of Plaintiff's mobile ("cellular") phone numbers.

17. Plaintiff pays money to his cell phone provider for his service.

18. These calls from an automatic telephone dialing system, and all similar or identical calls and/or texts sent by Defendant, were unsolicited and made without Plaintiff's and the class members express consent and are expressly prohibited for purposes of the TCPA.

## CLASS ALLEGATIONS

19. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

20. Defendant and its agents have made, and continue to make, unsolicited commercial calls and/or text message calls to cellular telephone numbers, including to Plaintiff's and the other members of the class, using an automatic telephone dialing system.

21. These calls were made without the prior express consent of Plaintiff or the class members.

22. Plaintiff brings this action on behalf of himself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members") and seeks a class certified as follows:

> **All persons who within four years from the filing of Plaintiff's complaint received a call and/or text message call from Defendant's automatic telephone dialing system without giving Defendant prior express consent.**

23. Upon information and belief this class numbers in the hundreds (and perhaps thousands) of persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

24. The injuries and damages to these class members present questions of law and fact that

are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

- Whether the subject calls were auto-dialed;

- Whether Defendant obtained valid consents from consumers to receive the auto-dialed calls;

- Whether the subject calls are covered by the TCPA;

- Whether the subject calls violate the TCPA;

- Whether the class members are entitled to relief under the TCPA;

- Whether Defendant acted willfully or knowingly entitling Plaintiff and the class to treble damages.

25. Defendant has engaged in the same conduct regarding all of the other members of the class asserted in this suit.

26. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

27. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

28. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

29. The prosecution of separate actions by each member of this class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

30. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## COUNT I

### Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227

31. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

32. Plaintiff did not have an established business relationship with Defendant nor did he expressly consent to receive phone calls from Defendant.

33. Defendant made numerous unsolicited calls to Plaintiff using a computerized automatic telephone dialing system to one of Plaintiff's cellular telephones.

34. Plaintiff's phone number was assigned to a cellular telephone service, and Plaintiff pays money for those services.

35.  These unsolicited calls were in violation of 47 U.S.C. 227(b)(1)(A)(iii).

36. Defendant has acted in the same way toward all members of the class.

37. As a result of these calls Plaintiff and the class suffered damages, including, but not limited to damages of actual monetary loss or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. §227(b)(3).

## COUNT II

### Injunction and Request for Restraining Order

38. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

39. Unless restrained and enjoined, Defendant will not cease and desist the conduct described above.

40. Plaintiff and the class have no adequate remedy at law to prevent Defendant from continuing this conduct in violation of law.

41. The TCPA provides for injunctive relief against continuing violations, stating:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

> A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation…47 USCS § 227(b)(3)(A).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff hereby demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. For a preliminary and thereafter permanent injunction preventing Defendant from continuing its conduct described above;

3. For damages of actual monetary loss or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. §227(b)(3);

4. For treble damages pursuant to 47 U.S.C. §227(b)(3);

5. For trial by jury;

6. For reasonable costs and attorney fees necessarily incurred herein; and

7. For such other or further relief to which Plaintiff and the class are entitled.

Respectfully submitted,

*/s/Charles T. Lester, Jr.*
Charles T. Lester, Jr. (0017601)
CHARLES T. LESTER, JR., ATTORNEY AT LAW
P.O. Box 75069
Fort Thomas, KY 41075-0069
Telephone:    (513) 685-7300, (859) 838-4294
                    (859) 781-2406
Fax:  (859) 486-6590
Email: cteljr@yahoo.com, cteljr@fuse.net

Of Counsel:

Ralph K. Phalen
RALPH K. PHALEN LAW, P.C.
1000 Broadway, Suite 400
Kansas City, MO 64105
Telephone:  (816) 589-0753
Facsimile:  (816) 471-1701
Email:  phalenlaw@yahoo.com

Mitchell L. Burgess
BURGESS & LAMB, P.C.
1000 Broadway, Suite 400
Kansas City, MO 64105
Telephone: (816) 471-1700
Facsimile: (816) 471-170
Email: mitch@burgessandlamb.com

**ATTORNEYS FOR PLAINTIFF**

8